STÁTE v. SAULS.

1. PARTIES—FORNICATION.—Either party to crime of fornication may be indicted separately.
2. EVIDENCE—WITNESS.—On CROSS-EXAMINATION, question seeking whether prosecution was influenced by others than prosecutrix was properly ruled out because, under evidence here, it could not tend to test the veracity, &c., of the witness.
3. FORNICATION—JURY.—Whether acts of sexual intercourse were frequent enough to make them habitual, in the sense of the statute, is for the jury.

Before DANTZLER, J., Hampton, June, 1904. Affirmed.

Indictment against Wm. Sauls for fornication. From judgment of Sessions Court, defendant appeals.

*Messrs. W. S. Tillinghast* and *Jno. S. Reynolds,* for appellant, cite: *Both parties must be indicted:* Crim. Code, 292; 1 McC., 464; 21 Ency., 410. *On right of cross-examination:* 61 S. C., 302; 30 S. C., 490; 29 S. C., 578; 25 S. C., 322.

*Solicitor James E. Davis,* contra (oral argument).

February 2, 1905. The opinion of the Court was delivered by

MR. JUSTICE WOODS. The defendant was indicted for fornication, the woman with whom the offense was alleged to have been committed not being included in the indictment. Before the trial began, the defendant moved to quash the indictment on the ground that neither the man nor the woman could be separately indicted. The motion was refused and the defendant was convicted and sentenced.

The first exception, alleging error in the Circuit Judge in refusing to quash the indictment, cannot be sustained. The general rule is that the participants in the crime of fornication may be either jointly or separately indicted. 9 1 Ency. P. & P., 645. But the defendant relies upon the peculiar words of the statute to sustain his position. The Criminal Code, section 290, provides that "any

man and woman who shall be guilty of the crime of adultery or fornication shall be liable to indictment," etc. Section 292 defines fornication as "the living together and carnal intercourse with each other, or habitual carnal intercourse with each other, without living together, of a man and woman, both being unmarried." The defendant's view is that the words "with each other," in this last section, should be regarded as necessarily implying that the man and woman should be indicted together and not separately, especially when it is considered that the statute provides for the indictment of any man *and* woman, not any man *or* woman, who shall be guilty of the crime of fornication. The practical objection to this construction is that it is extremely technical, and would result in allowing one guilty party to escape if the other should die before indictment. But, aside from this, the principle has been long since settled. While it requires the combined action of at least three persons to constitute the crime of riot, it has never been doubted that one of such persons may be indicted separately, the indictment stating the names of the others, or alleging them to be unknown. *State* v. *Brazil,* Rice, 257.

On the cross-examination of the prosecuting witness, the Circuit Judge excluded the question: "Did you bring the case yourself or did somebody get you to bring it?" The defendant insists this was reversible error, because the question was admissible and important as affecting the credibility of the witness, and to show that the prosecution was the result of a conspiracy. "The general rule permits a witness to be cross-examined by questions which tend to test his accuracy, veracity or credibility, or to shake his credit by injuring his character, but the extent of such cross-examination is very largely left to the discretion of the Court." *Kennington* v. *Catoe,* 68 S. C., 474. Besides, even if the admission had been elicited from the prosecutrix that others had procured the prosecution, certainly it could not have availed the defendant, because it could have

little if any effect as a test of the accuracy, veracity, credibility or character of the witness, especially when the defendant's testimony as to the illicit intercourse varied little from that of the prosecutrix.

The defendant's third exception is: "That the prosecutrix having testified positively to the periods of the acts, habitual is not a matter of opinion for the jury, and taking the testimony of prosecutrix as true, the statute was not violated." In view of the fact that the defendant and the prosecutrix both testified to frequent carnal intercourse with each other during a period extending over several months, at least, we are quite at a loss to understand how it could be contended that there was no evidence that the statute had been violated. Whether these acts were frequent enough to make the habitual carnal intercourse against which the statute was directed, was a question properly left to the jury. *State* v. *Carroll,* 30 S. C., 85, 8 S. E., 433.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.